# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * *   *
TIMOTHY ANDERSON,                        *
                                         *      No. 16-752V
               Petitioner,               *      Special Master Christian J. Moran
                                         *
v.                                       *      Filed: January 2, 2018
                                         *
SECRETARY OF HEALTH                      *      Stipulation; tetanus-diphtheria-
AND HUMAN SERVICES,                      *      acellular pertussis ("Tdap") vaccine;
                                         *      Guillain-Barré syndrome ("GBS").
                                         *
               Respondent.               *
* * * * * * * * * * * * * * * * * * *   *
```

Danielle A. Strait, Maglio, Christopher & Toale, Seattle, WA, for Petitioner;
Adriana R. Teitel, United States Dep't of Justice, Washington, DC, for
Respondent.

## UNPUBLISHED DECISION[1]

On December 29, 2017, the parties filed a joint stipulation concerning the petition for compensation filed by Timothy Anderson on June 27, 2016.  Petitioner alleged that the tetanus-diphtheria-acellular pertussis vaccine he received on July 22, 2013, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused him to suffer Guillain-Barré syndrome.  Petitioner further alleges that he suffered the residual effects of this injury for more than six months.  Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website.  Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the special master will appear in the document posted on the website.

Respondent denies that the vaccines either caused or significantly aggravated petitioner's alleged injury or any other injury, and denies that petitioner's current disabilities are the result of a vaccine-related injury.

Nevertheless, the parties agree to the joint stipulation, attached hereto.  The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**A lump sum payment of $235,000.00 in the form of a check payable to petitioner.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 16-752V according to this decision and the attached stipulation.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| TIMOTHY ANDERSON, | |
| Petitioner, | No. 16-752V |
| v. | Special Master Moran |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ECF |
| Respondent. | |

### STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner Timothy Anderson ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of a Tetanus-diphtheria-acellular pertussis vaccine ("Tdap"), which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received his Tdap immunization on July 22, 2013.

3. The vaccine was administered within the United States.

4. Petitioner alleges that he sustained a vaccine-related injury diagnosed as Guillain-Barre syndrome ("GBS") that was caused-in-fact by the Tdap vaccine he received. He further alleges that he experienced the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of his condition.

1

6. Respondent denies that petitioner's alleged GBS and its residual effects were caused-in-fact by his Tdap vaccine. Respondent further denies that the vaccine caused petitioner any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$235,000.00** in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

2

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the Tdap vaccination administered on July 22, 2013, as alleged by petitioner in his petition for vaccine compensation filed on June 27, 2016, in the United States Court of Federal Claims as petition No. 16-752V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

3

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap vaccination caused petitioner to suffer GBS or any other injury.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

## END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/

4

Respectfully submitted,

PETITIONER:

TIMOTHY ANDERSON

ATTORNEY OF RECORD FOR
PETITIONER:

DANIELLE A. STRAIT
MAGLIO, CHRISTOPHER & TOALE, PA
The Columbia Center
701 Fifth Avenue, Suite 3505
Seattle, WA 98104
(888) 952-5242

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

NARAYAN NAIR, M.D.
Director, Division of
Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08-N146B
Rockville, MD 20857

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

Catharine E Reeves
by Heather L Pearl

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

ADRIANA TEITEL
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-3677

· Dated: **Dec 29, 2017**

5