# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
TIMOTHY ANDERSON,                    \*
                                     \*      No. 16-752V
            Petitioner,              \*      Special Master Christian J. Moran
                                     \*
v.                                   \*      Filed: November 6, 2018
                                     \*
SECRETARY OF HEALTH                  \*      Attorneys' fees and costs
AND HUMAN SERVICES,                  \*
                                     \*
            Respondent.              \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Danielle A. Strait, Maglio Christopher & Toale, Seattle, WA, for Petitioner;
Adriana R. Teitel, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Timothy Anderson prevailed in his claim brought in the National Childhood Vaccine Compensation Program. He is now seeking an award for attorneys' fees and costs. He is awarded $25,323.88.

\*   \*   \*

On June 27, 2016, Mr. Anderson filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 – 34, for injuries sustained from a tetanus-diphtheria-acellular pertussis vaccination administered on July 22, 2013. The parties submitted a joint stipulation that was incorporated by a decision awarding petitioner compensation in the amount of $235,000.00. Decision, 2018 WL 615074 (Jan. 2, 2018).

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

1

Following the entry of judgment, petitioner filed a motion for an award of attorneys' fees and costs.  Pet'r's Mot., filed June 28, 2018.  The motion seeks a total of $25,520.18, comprised of $20,604.30 in attorneys' fees and $4,915.88 in attorneys' costs.  Id. at 1-2.  In compliance with General Order No. 9, petitioner filed a signed statement indicating that he did not incur any costs personally.  Exhibit 13 at 1 (General Order #9 Statement).

Respondent then filed a response to petitioner's motion.  Resp't's Resp., filed July 12, 2018.  Respondent stated that he is "satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case."  Id at 2.  Respondent did not submit any specific objections to the amounts requested by petitioner and "recommends that the Special Master exercise his discretion."  Id at 3.

On July 16, 2018, petitioner filed a reply to respondent's response.  Petitioner generally objects to respondent's failure to evaluate the fees petition and provide specific positions on the amounts requested.  Pet'r's Reply, filed July 16, 2018, at 2-3.  Petitioner reiterated his request for fees and costs.

This matter is now ripe for adjudication.

\*     \*     \*

Because Mr. Anderson received compensation, he is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  An evaluation of the reasonableness of the requested attorneys' fees and costs follows.

**I.     Attorneys' Fees**

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs.  515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

2

A. Reasonable Hourly Rate

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. Since, the bulk of work was done within the District of Columbia, the so-called Davis County does not apply here. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). The respondent did not object to any of the proposed hourly rates as unreasonable.

Petitioner requests compensation for attorney Danielle Strait and various law clerks. For Ms. Strait, petitioner requests the rates of $300/hour in 2016, $320/hour in 2017, and $322/hour in 2018. For the law clerks, petitioner requests rates ranging from $105/hour to $148/hour over the time period of 2016-2018.

As noted in Russell v. Sec'y of Health & Human Servs., Ms. Strait's 2018 rate was found reasonable, but her 2016 and 2017 rates were found unreasonable because they were outside the permissible range of hourly rates for an attorney with her level of experience. No. 16-1091V, 2018 WL 3989456, at *6 (Fed. Cl. Spec. Mstr. July 17, 2018) (for 2016 and 2017, Ms. Strait was within the 4-7 years of experience range). Here, Ms. Strait requested the 2016 ($300/hour) and 2018 ($322/hour) rates that were found reasonable in Russell, but her requested 2017 rate was still the rate found unreasonable in Russell ($320/hour). Thus, Ms. Strait's 2017 rate is reduced to $307/hour (resulting in a deduction of $196.30). Ms. Strait's 2016 and 2018 rates are reasonable and are awarded in full. The rates for the law clerks at Ms. Strait's firm have previously been found reasonable and are awarded in full. Beck v. Sec'y of Health & Human Servs., No. 15-1355V, 2018 WL 5118548, at *2 (Fed. Cl. Spec. Mstr. Aug. 9, 2018).

B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records

3

on a line-by-line basis in making the reasonableness determination … and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies"). Ms. Strait has provided sufficiently detailed invoices for her time entries and for her paralegal's entries. The undersigned finds the hours to be reasonable and awards them in full.

## II. Costs

Petitioner requests a total of $4,915.88 in attorney's costs, consisting of costs expended for the filing fee, medical records, mailings, and expert witnesses. Exhibit 14 at 1. Respondent has not objected to the amounts requested for attorneys' costs. The costs for routine items, such as the filing fee, medical records, and postage, are adequately documented and are awarded in full.

The majority of the attorneys' costs are for consulting services with LitCon Group ($4,012.50). As noted in their invoice, LitCon Group provided lost wages analysis for petitioner that was presumably used during the settlement process. Exhibit 14 at pdf 25. The undersigned finds that the costs for LitCon group are reasonable and are awarded in full.

## III. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The undersigned GRANTS the petitioner's motion and finds $25,323.88 ($20,408.00 in fees and $4,915.88 in costs) to be a reasonable amount for all attorneys' fees and costs incurred. This shall be paid as follows:

**A lump sum of $25,323.88 in the form of a check made payable to petitioner and petitioner's attorney, Danielle A. Strait, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.